IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| In re CHARLES COULSON WALDO and ETHANNE S. WALDO,<br><br>Debtors.<br><br><br>CHARLES COULSON WALDO,<br><br>Appellant,<br><br><br>vs.<br><br><br>BANK OF NEW YORK MELLON TRUST COMPANY NA, as the indenture trustee for the IMC Home Equitey Loan Owner Turst 1998-7, OCWEN LOAN SERVICING, LLC, eTITLE AGENCY, TRUSTEE, and VINCENT CAMERON, STANDING CHAPTER 13 TRUSTEE,<br><br>Appellees. | ORDER ON CHARLES COULSON WALDO'S MOTION FOR HEARING<br><br><br><br><br><br><br><br>Case No.  2:09-MC-54 TS |

Charles Counsel Waldo (Waldo) moves for a Temporary Restraining Order seeking to stay a foreclosure of a home.  Waldo is proceeding pro se.  The Court notes that Waldo purports to also bring this Motion on his own behalf as well as on behalf of Ethanne S.

1

Waldo, an individual who has not signed the Motion or otherwise appeared pro se in this proceeding. It is well-settled that "an advocate who is not a member of the bar may not represent clients (other than himself) in court."[1] Because Ethanne S. Waldo did not sign the Motion and is not represented by a licensed counsel authorized to sign a pleading on her behalf, she is not a party to this proceeding.

In his Motion for an Expedited Motion for a Hearing on his Motion for a Temporary Restraining Order, Waldo contends that he had filed an appeal of an order from the bankruptcy court and that the record on appeal is delayed through no fault of his own because of a problem in the bankruptcy clerk of court's office. It is therefore

ORDERED that Waldo shall file a copy of the bankruptcy court's Order he appeals from and a copy of the receipt for filing his appeal by Monday, January 26, 2009, at noon. The Court will then consider his request for a hearing.

DATED   January 23, 2009.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[1] *Wheat v. United States,* 486 U.S. 153, 159 (1987); *See* 28 U.S.C. § 1654 (providing that "parties may plead and conduct *their own* cases personally or by counsel") (emphasis added); *accord Perry v. Stout* 20 Fed. Appx. 780, 782 (10th Cir. 2001) (holding that "non-attorney pro se litigants cannot represent other pro se parties.").