IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| In re CHARLES COULSON WALDO,<br><br>　　Debtor.<br><br><br>CHARLES COULSON WALDO,<br><br>　　Appellant,<br><br><br><br>　　　　vs.<br><br><br>BANK OF NEW YORK MELLON TRUST COMPANY NA, as the indenture trustee for the IMC Home Equity Loan Owner Turst 1998-7, OCWEN LOAN SERVICING, LLC, eTITLE AGENCY, TRUSTEE, and VINCENT CAMERON, STANDING CHAPTER 13 TRUSTEE,<br><br>　　Appellees. | MEMORANDUM DECISION AND ORDER DENYING CHARLES COULSON WALDO'S EXPEDITED MOTION FOR TEMPORARY RESTRAINING ORDER AND DISMISSING CASE FOR LACK OF JURISDICTION<br><br><br><br><br><br>Case No.  2:09-MC-54 TS |

　　Charles Coulson Waldo (Waldo) moves for a Temporary Restraining Order seeking to stay a foreclosure of a home.  Waldo is proceeding pro se.

1

In its prior order, the Court noted that Waldo was representing that he had filed an appeal of an order from the bankruptcy court and that the record on appeal was not yet available. It was not clear from his filings how Waldo's request for a temporary injunction against a scheduled foreclosure was related to his appeal of a bankruptcy court order. However, mindful of Waldo's pro se status, and in view of his request for an expedited hearing and representation on the availability of the appeal record, the Court ordered Waldo to immediately file copies of the order he appeals and the receipt for filing his appeal.[1] Waldo complied by filing copies of the Bankruptcy Court's Order Dismissing Chapter 13 Case and Denial of Confirmation Following Contested Confirmation Hearing (Dismissal Order) and the receipt for the filing of his appeal of that Dismissal Order.[2] From these, it appears that Waldo seeks an injunction against a foreclosure sale pending his appeal of the Dismissal Order.

The Court finds Waldo's documents show that the Bankruptcy Court's Dismissal Order was entered on December 11, 2008 and his receipt for filing his appeal is dated January 20, 2009. The forty-day period between the Dismissal Order and its appeal raises the issue of whether this Court has appellate jurisdiction over the present matter. As explained in the case *In re Lang*:[3]

---

[1] Docket No. 6.

[2] Docket No. 7.

[3] 414 F.3d 1191 (10th Cir. 2005).

The Supreme Court has made it clear that a court's threshold determination of its jurisdiction is a prerequisite to *any* judicial action: "Without jurisdiction the court cannot proceed at all in any cause," and, thus, "when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." This principle applies with equal force to appellate jurisdiction.[4]

"Under Federal Rule of Bankruptcy Procedure 8001(a), appeals from orders and judgments of bankruptcy courts may be taken to the district court in conformity with the requirements of 28 U.S.C. § 158(a) and Bankruptcy Rule 8002."[5] Fed. R. Bankr. P. 8002(a) provides that a notice of appeal must be filed with the bankruptcy clerk "within 10 days of the entry of judgment, order, or decree appealed from." Because there were forty days between the entry of the Dismissal Order and Waldo's filing of his notice of his appeal, his appeal is untimely.

The failure to file a timely notice of appeal is a jurisdictional defect that bars appellate review by this Court.[6] Because this Court does not have appellate jurisdiction, it may not review either the merits of the Bankruptcy Court's Dismissal Order or review Waldo's recently raised claim that the Bankruptcy Court may have acted without jurisdiction.[7]

---

[4]*Id*. at 1195 (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998)) (emphasis in original).

[5]*In re Faragalla*, 422 F.3d 1208, 1210 (10th Cir. 2005).

[6]*In re Herwit*, 970 F.2d 709, 710 (10th Cir. 1992).

[7]*Lang*, 414 F.3d at 1196; *see also* Docket No. 7 at 2 (asserting that the proceedings in the Bankruptcy Court may be void).

Waldo, as the "party invoking federal jurisdiction, bears the burden of establishing such jurisdiction as a threshold matter."[8]  While this Court could have jurisdiction over a timely appeal of an order of a bankruptcy court,[9] there is no basis shown in the present Motion or documents filed by Waldo for such jurisdiction.  Because Waldo fails to establish any basis for jurisdiction over an appeal of the Dismissal Order, this Court finds that it lacks jurisdiction to hear his Motion for a Temporary Restraining Order pending resolution of that appeal.[10]  Absent a showing of a basis for federal jurisdiction, it appears that jurisdiction over any legal challenge to a foreclosure would be in the appropriate state court.  It is therefore

ORDERED that Waldo's Expedited Motion for Temporary Restraining Order (Docket No. 1) and Motion for an Expedited Motion for Hearing (Docket No. 2) are DENIED.  It is further

---

[8] *Radil v. Sanborn Western Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004).

[9] 28 U.S.C. § 158.

[10] Further, Waldo did not comply with Fed. R. Bankr. P. 8005's requirement that a motion seeking "relief pending appeal must ordinarily be presented to the bankruptcy judge in the first instance," or show why such relief was not obtained from the bankruptcy judge.

ORDERED that this case is DISMISSED FOR LACK OF JURISDICTION.

DATED   January 27, 2009.

                      BY THE COURT:

_____
TED STEWART
United States District Judge